Phillip H. Stanfield, Bar #011729
Clarice A. Spicker, Bar #029964
Lauren D. Norton, Bar #037070
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4544
Fax: (602) 200-7810
pstanfield@jshfirm.com
cspicker@jshfirm.com
lnorton@jshfirm.com

Attorneys for Defendants Lily Transportation Corp. and Andrew Barrett

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Griselda Sanchez, individually and on behalf of all statutory beneficiaries of Levi Sanchez-Henry, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Lily Transportation Corp., Andrew Barrett, a single man,<br><br>Defendants. | No. 3:23-cv-08117-JJT<br><br>**DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PUNITIVE DAMAGES CLAIM** |

Defendants Lily Transportation Corp. and Andrew Barrett (hereinafter "Defendants"), by and through undersigned counsel, hereby submit their Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint to Add Punitive Damages Claim (Doc. 115).

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs' Motion for Leave to Amend Complaint to Add Punitive Damages Claim (hereinafter "Motion") includes multiple factual allegations that are simply unsupported such as stating Defendant Andrew Barrett (hereinafter "Mr. Barrett") engaged[1] with an electronic device, that Mr. Barrett intentionally and purposefully wiped all data from the

---

[1] Defendants interpret "engaged" to mean actively interacting with his phone such as touching it.

117736471.1

cell phone he was using, etc. Even if Defendants were to disregard the inadequacies regarding the factual allegations, Defendants oppose Plaintiffs' Motion.

This case arises out of a motor vehicle accident that occurred on December 17, 2021, at approximately 6:37 a.m. near Seligman, Arizona. Plaintiff Griselda Sanchez fell asleep while operating a Lexus vehicle with her son in the back seat and ended up facing oncoming traffic in the dark.[2] Mr. Barrett, in the course and scope of his employment with Defendant Lily Transportation, was driving a tractor-trailer when he came upon Plaintiff's stopped vehicle. He was unable to avoid striking her vehicle, as indicated in the dashcam footage from his tractor.[3]

Plaintiffs Complaint was filed on June 26, 2023, approximately sixteen months ago (Doc. 1). **On September 7, 2023, over a year ago, Defendants produced their Initial Disclosure Statement including the ten seconds of dash cam footage leading up to the accident which showed Mr. Barrett briefly glancing down**.[4] Under this Court's original October 19, 2023, Scheduling Order, Motions to amend the Complaint and to join additional parties were to be filed by November 17, 2023 (Doc. 21.). On April 25, 2024, Mr. Barrett was deposed and testified to briefly glancing down prior to the accident. On May 24, 2024, the Court issued an Amended Scheduling Order which included the following deadlines: Plaintiff(s) expert disclosure deadline as August 2, 2024; Defendant(s) expert disclosure deadline as September 6, 2024; and Plaintiff(s) rebuttal expert deadline as October 11, 2024 (Doc. 56).

On June 4, 2024, a Discovery Dispute Hearing was held before the Court in which Defendant Lily Transportation's Director of Safety, Sherief Boutros, testified to Defendant Lily Transportation's use of Samsara, triggering events associated with Mr. Barrett, and additional dash cam footage leading up to the accident. On July 18, 2024, Defendants produced Mr. Barrett's cell phone for inspection. On July 22, 2024 and July 23, 2024,

---

[2] *See* Exhibit 1: Arizona Department of Public Safety Police Report No. I21069871 dated December 17, 2021.

[3] *See* Exhibit 2: Dashcam Footage.

[4] *See* Exhibit 3: Defendants' Initial Disclosure Statement dated September 7, 2023.

2

Plaintiffs' forensic expert performed the forensic download of Mr. Barrett's cell phone which in turn means. On July 23, 2024, approximately five months ago, Defendant Lily Transportation produced its Seventh Supplemental Disclosure Statement which included Mr. Barrett's cell phone call log from Verizon dated December 17, 2021, seventeen one minute dash cam videos encompassing the timeframe of 6:20 a.m. through 6:37 a.m., hyperlapse videos from 4:07 a.m. to 6:07 a.m., and triggering events and video snippets associated to those events in Defendant Lily Transportation's possession for Mr. Barrett related to following distance, late response, crash, mobile phone usage, and inattentive driving.[5] On July 18, 2024, Defendants produced Mr. Barrett's cell phone for inspection. On July 23, 2024, Plaintiffs' counsel requested to depose Sherief Boutros.

On August 2, 2024, Plaintiffs disclosed their expert opinions.[6] On August 8, 2024, Plaintiffs' counsel requested to depose Mr. Barrett's supervisor, Mike Reardon. On August 9, 2024, Defendant Lily Transportation produced its Eighth Supplemental Disclosure Statement which included a hyperlapse video from 6:07 a.m. through 6:47 a.m.[7] On September 6, 2024, Defendants disclosed their expert opinions.[8] On October 11, 2024, Plaintiffs disclosed their rebuttal expert opinions.[9]

On November 8, 2024, almost a year after the deadline to do so, Plaintiffs filed the Motion for Leave to Amend Complaint to Add Punitive Damages Claim that is currently the subject of this Response. On November 13, 2024, the Court issued an Amended Scheduling Order extending the Fact Discovery Deadline to January 10, 2025 (Doc. 118).

The above demonstrates that Plaintiffs have been on notice that Mr. Barrett glanced down briefly before the accident occurred since September 2023 when they were given the

---

[5] *See* Exhibit 4: Defendants' Seventh Supplemental Disclosure Statement dated July 25, 2024.

[6] *See* Exhibit 5: Defendants' Tenth Supplemental Disclosure Statement dated September 6, 2024.

[7] *See* Exhibit 6: Defendants' Eighth Supplemental Disclosure Statement dated August 9, 2024.

[8] *See* Exhibit 7: Plaintiffs' Expert Witness Disclosures dated August 2, 2024.

[9] *See* Exhibit 8: Plaintiffs' Fifth Supplemental Disclosure Statement dated October 11, 2024.

3

117736471.1

dashcam footage. Furthermore, they have had in their possession all triggering events, seventeen minutes of dash cam footage leading up to the accident, and the forensic download of Mr. Barrett's cell phone since July 2024. Therefore, they had an extensive amount of time to amend their Complaint to add punitive damages, but have waited until now, less than two months prior to the Fact Discovery Deadline, to file the Motion for Leave to Amend Complaint to Add Punitive Damages Claim.

## II. LEGAL STANDARD

A party that seeks leave to amend their pleadings more than twenty-one days after a responsive pleading is filed must obtain "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires. That being said, the right to amend a complaint is not unrestrained and the Ninth Circuit has provided a number of considerations that weigh against allowing amendment, including: (1) the amendment causing undue delay; (2) the amendment being made in bad faith; (3) the amendment resulting in futile claims; and (4) the amendment causing prejudice to the opposing party. *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981). When futility is the basis for opposition to a motion to amend a complaint, "the standard of review in considering the motion is akin to that undertaken by a court in determining the sufficiency of a complaint which is challenged for failure to state a claim under the Federal Rules of Civil Procedure, Rule 12(b)(6)." *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1125 (D. Nev. 2004). Similarly, the Ninth Circuit has stated that leave for amendment may be denied "if the proposed amendment…would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Here, the relevant factors favor denial of Plaintiffs' Motion.

### A. The Addition of Punitive Damages is Futile Because Defendants Actions Do Not Arise to "Outrageous, Oppressive or Intolerable" Conduct.

Plaintiffs argue that the amendment is not futile; however, Defendants disagree. "Leave to amend may be denied if the proposed amendment is futile or would be subject

4

to dismissal." *Id.* "An amendment is futile when no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). *Nissan Motor Co. v. Nissan Computer Corp.*, 204 F.R.D. 460, 463 (C.D. Cal. 2001). Plaintiffs have failed to proffer any evidence demonstrating conduct that would rise to a punitive damages instruction. They have even failed to proffer any evidence that would rise to a *prima facie* showing of punitive damages. Despite this lack of evidence, Plaintiffs proceeded to file their futile Amendment.

According to Plaintiffs' Amendment, Plaintiffs are entitled to punitive damages due to Defendant Lily Transportation's failure to discipline Mr. Barrett related to Samara inattentive driver notifications and Mr. Barrett's alleged distracted driving. However, these assertions are not demonstrated to be true by evidence nor are they supported as a valid claim pursuant to case law.

To recover punitive damages, a plaintiff must prove, by clear and convincing evidence, that the defendant acted with an "evil mind." *Swift Transp. Co. of Ariz. L.L.C. v. Carman in & for Cnty. of Yavapai*, 253 Ariz. 499, ¶ 21 (2022).[10] A plaintiff who asserts a negligence claim can only satisfy this requirement by coming forward with "clear and convincing evidence that the defendant's actions … were outrageous, creating a 'substantial risk of tremendous harm to others.'" *Id*. at ¶¶ 22-24. That is to say, "a plaintiff must establish that the defendant knew, or intentionally disregarded, facts that created an unreasonable risk of physical harm—a risk substantially greater than that necessary to make his or her conduct negligent or even grossly negligent—and consciously disregarded that risk." *Id*. at ¶ 25. A plaintiff cannot satisfy this requirement by showing the defendant

---

[10] Federal Courts sitting in diversity apply the law of the forum state. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co. Ltd.*, 132 F.3d 526, 528 (9th Cir. 1997).

5

117736471.1

"had reason to appreciate the severity of the risk," but must instead show the defendant "actually appreciated the severity of the risk before *consciously* disregarding it." *Id*.

In *Swift,* the Arizona Supreme Court held that the following facts regarding the driver's actions, as alleged if true, were not enough for the question of punitive damages to be submitted to the jury:

1) [The driver] ignored his training that it was dangerous to drive in the rain with the Jake Brake engaged and should have disengaged it when it started raining;
2) He knew it was dangerous to operate his vehicle with cruise control in the rain and while pulling an empty trailer;
3) He knew driving with an empty trailer makes the truck less stable and more likely to hydroplane;
4) He was traveling at sixty-two miles per hour in heavy rain;
5) His visibility was impaired by the rain and had disregarded his training related to being careful with his speed when traveling downhill and around curves especially in low visibility environments;
6) He did not slow down as he went downhill and around a curve in the rain immediately prior to the collision;
7) He passed a vehicle on the right while he was entering the downhill left curve;
8) He did not leave his vehicle following the initial collision and did not try to warn other vehicles of the hazard as required under FMCSRs;
9) He was on the phone with his daughter using a hands-free Bluetooth device, and had been talking with her for at least 30 minutes before the collision, and was still talking with her when the crash occurred despite knowing he was supposed to keep personal calls to a minimum; and

117736471.1

        10) He told investigating officers at the crash site that he was traveling only forty-five miles per hour at the time of the crash and was not honest about his speed. *Id.* at ¶ 4.

In *Swift,* the Court ruled punitive damages are not appropriate when a commercial driver ignores multiple safety requirements that he knew he should follow, did not conform his driving to the road and weather conditions, was traveling faster than surrounding traffic, **was admittedly using his phone** for more than thirty minutes before the accident, lied to officers at the scene about his pre-accident speed, and did not try to warn others of the accident after it occurred.

The breadth and scope of the *Swift* facts are particularly instructive. There is no evidence in this case of any "outrageous, oppressive or intolerable" conduct that shows Defendants consciously and deliberately disregarded the interests and rights of others. Based on the dashcam footage, Mr. Barrett was not actively using his phone in the minute leading up to the accident nor at the time of the impact.[11] Even if he was, the *Swift* opinion provides that that conduct does not amount to punitive damages. The only evidence that has been produced regarding Mr. Barrett's alleged cell phone use at the time of the impact is that fragments of Spotify data were found. Listening to Spotify hands free is not a violation of any state or federal laws. While it is apparent that Mr. Barrett had forty-one prior triggering events for inattentive driving, this does not rise to the level of conduct in which a punitive damages instruction is provided to the jury. For a claim of punitive damages to be appropriate, a defendant's conduct must be much more severe than failing to take corrective or disciplinary action regarding AI alerts.

Plaintiff cannot identify any evidence establishing Defendants knew or intentionally disregarded facts that created an unreasonable risk of physical harm, and actually appreciated the severity of the risk before consciously disregarding it. The evidence only demonstrates that Mr. Barrett had prior triggering events in the past for inattentive driving and was possibly listening to Spotify at the time of the accident – at best this is simple

---

[11] *See* Exhibit 2: Dashcam.

negligence that claimants cannot use to recover punitive damages. *See Ontiveros v. Borak,* 136 Ariz. 500, 504, 667 P.2d 200, 2004 (1983) (Outlining the four elements Plaintiff must prove in order to establish a negligence claim).

Plaintiffs' Amendment fails to identify any admissible evidence that Defendants acted with an evil mind. Plaintiff has not identified a theory upon which punitive damages could be warranted. Even if the entirety of Plaintiffs' Amendment was true, Plaintiffs have alleged nothing more than "garden variety negligence" that the Arizona Supreme Court has found inappropriate for punitive damages. *Linthicum v. Nationwide Life Ins. Co.,* 150 Ariz. 326, 332 (1986). Additionally, nothing in the record suggest that Defendants possessed improper motives, such as spite, actual malice, or intent to harm. Therefore, Plaintiffs' Amendment to add punitive damages is futile as the facts under the amendment to the pleading fail to constitute a valid and sufficient claim.

### B. **Plaintiffs Acted in Bad Faith and the Request to Amend is Unduly Delayed and Prejudicial to Defendant.**

In the case before the Court, Plaintiffs' Amendment would raise new issues and comes late in the discovery process. Despite Plaintiffs' claim that they have not acted in bad faith with this Amendment, their analysis is flawed.

As explained in the Procedural and Background section of this Response, Plaintiffs have been on notice that Mr. Barrett glanced down briefly before the accident occurred since September 2023. Furthermore, they have had in their possession all triggering events, seventeen minutes of dash cam footage leading up to the accident, and the forensic download of Mr. Barrett's cell phone since July 2024. Therefore, they had an extensive amount of time to amend their Complaint to add punitive damages, but have waited until now, less than two months prior to the Fact Discovery Deadline, to file the Motion for Leave to Amend Complaint to Add Punitive Damages Claim.

While Plaintiffs will likely claim that "*delayed*" depositions of two corporate representative depositions will support their claim for punitive damages, this is simply untrue and would not have affected their ability to amend their Complaint earlier than less

than two months prior to the Fact Discovery Deadline. For instance, Sherif Boutros' deposition is limited to the information surrounding the Samsara system and its functionality. Defendants are unclear how his deposition would support any allegation of punitive damages. Plaintiffs intend to depose Mike Reardon, Defendant Barrett's supervisor, at the time of the accident. Again, Defendants are unclear how this deposition would support Plaintiffs' newly alleged punitive damages allegation as negligence in training and supervision alone is not enough. Additionally, Plaintiffs did not even request the deposition of Sherif Boutros until July 23, 2024, approximately two weeks prior to their expert disclosure on August 2, 2024, and they did not request Mike Reardon's deposition until approximately a week *after* their expert disclosure on August 2, 2024. Counsel and Defendants went back and forth and consulted on the scope of these depositions. Preliminarily, a date in late October was agreed upon; but Defendants' counsel request they be moved to early December. In any event, these depositions do not have any bearing on Plaintiffs' expert disclosures or any punitive damages argument that would survive to a jury.

The request is in bad faith and causes undue prejudice to Defendants as the expert opinions have already been disclosed by the parties in this action. Allowing Plaintiffs to amend their Complaint would require expert discovery to be delayed as to the trucking standard of care experts retained by Plaintiffs' counsel had all of the information in his possession, since July 23, 2024, approximately five months ago. There was nothing that prevented Plaintiffs' counsel from undertaking this Motion prior to Defendants' standard of care trucking expert opinion disclosure September 6, 2024. Additionally, to allow punitive damages claim at this time would reopen expert discovery as a forensic accounting expert would be required to review Defendant Lily Transportation's financial information.

While Plaintiffs' Motion states that, "*[A]s of Plaintiffs' expert disclosure on August 2, 2024, Defendants were aware that Mr. Stopper's opinions included that Lily exhibited a conscious indifference to the safety of the motoring public.*", this is a far from adequate notice to Defendants. The report Plaintiffs reference totaled fifty-seven pages and had one

9

inconspicuous mention of "conscious indifference to the safety of the motoring public". Furthermore, if that was Plaintiffs' way of putting Defendants on notice of their intent to add punitive damages, Defendants question why Plaintiffs waited until two months after Defendants' expert deadline and almost a month after Plaintiffs' rebuttal expert deadline to file their Motion.

While Plaintiffs allege that their original Complaint lists a *possible* claim for punitive damages against Mr. Barrett, that is exactly what it is, a *possible* claim that fails to put Defendants on notice. Furthermore, the original Complaint fails to assert punitive damages against directly against Lily Transportation.

Plaintiffs' counsel acted in bad faith, is attempting to cause undue delay and prejudice to Defendants by failing to wait until after expert disclosures and after the close of fact discovery to file a Motion to Amend his Complaint to include new factual allegations and punitive damages claims.

### C.  Plaintiffs' Amendment is Unduly Prejudicial to Defendants

Plaintiffs' Amendment to include punitive damages is unduly prejudicial to Defendants. Leave to amend "need not be granted where the amendment of the complaint would cause the opposing party undue prejudice . . . or creates undue delay." *Janicki Logging Co. v. Mateer,* 42 F.3d 561, 566 (9th Cir. 1994). In this particular case before the Court, the amendment would cause further delay in proceedings and likely additional Court filings regarding discovery related to punitive damages. Furthermore, Plaintiffs would likely attempt to access sensitive and private information related to the finances of Lily Transportation. Under Arizona law, the courts recognize a defendant's privacy interest in their financial information as well as their internal analysis of this information. *See Arpaio v. Figueroa,* 229 Ariz. 444, 276 P.3d 513 (App. 2012*).* Because of those privacy interests, production of financial data should be permitted if and only if the Plaintiff can demonstrate a case is worthy of going to the jury on punitive damages, against a particular defendant. *Id.* (Order to compel production of financial records reversed because of lack of showing a prima facie case against defendant).

117736471.1

Plaintiffs argue that there is no undue prejudice. However, that simply is not true. Including punitive damages in their case when there is no evidence to support them, would likely cause additional discovery, a delay in the proceedings and the potential need for additional expert witnesses related to finance and accounting. This is not a case that warrants punitive damages and to allow Plaintiffs to go down the path of alleging them would cause undue prejudice to Defendants.

### III.   CONCLUSION

Plaintiffs' request to Amend their Complaint to include an additional element of damages does not sit in their favor when analyzing the considerations outlined by the 9th Circuit, and therefore, the Amendment should be denied. Based on the foregoing, Defendants request that the Court deny Plaintiffs' Motion to Amend Complaint due to undue delay, prejudice, bad faith, and/or futility.

DATED this 22nd day of November, 2024.

JONES, SKELTON & HOCHULI, P.L.C.

By */s/ Lauren D. Norton*
Phillip H. Stanfield
Clarice A. Spicker
Lauren D. Norton
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants Lily
Transportation Corp. and Andrew Barrett

11

117736471.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Gail Hardin

117736471.1